UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronniesa Tolefree, | No. 2:19-cv-00693-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Swift Transportation Co. Inc., | |
| Defendant. | |

This matter is before the court on plaintiff's motion for a jury trial. *See generally* Mot. for Jury Trial, ECF No. 51. Defendant opposes. *See generally* Opp'n, ECF No. 52. For the reasons below, the court **grants the motion**.

**I.    DISCUSSION**

The parties in this employment discrimination case disagree whether plaintiff is entitled to a jury trial. Plaintiff claims she is entitled to a jury trial, while defendant argues she waived her right.

Plaintiff's complaint, filed in state court, demands a jury trial. *See* Decl. of McCalla In Supp. of Not. of Removal at 6, ECF No. 1-2. The court issued a minute order on July 13, 2021, following a Rule 16 scheduling conference, providing in part, "After discussion with the parties about proceeding with a trial, the court advised the parties the Bench Trial will proceed on 4/26/2022." *See* ECF No. 35. The parties had 14 days to object to the order before it became

1

final. *Id.* Neither party objected. *See generally* Docket. The parties raised the issue in their joint pretrial statement, however. Joint Pretrial Statement at 11, ECF No. 44. The court directed plaintiff to file a motion for a jury trial by April 8, 2022, with opposition due a week later. *See* ECF No. 49.

In her motion for a jury trial, plaintiff argues she did not waive her right to a jury trial, though the motion does not cite to the applicable rule, Fed. R. Civ. P. 81(c)(3)(A) ("A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal."). Mot. at 4. Plaintiff's attorney also avers the July 13, 2021 minute order "is incorrect," i.e., did not accurately reflect the July 8 proceedings. *Id.* at 5. Finally, plaintiff points out that in her opposition to defendant's motion for summary judgment, she argued there were material questions of fact for a jury to decide. *Id.* at 6.

Defense counsel argues plaintiff waived her right to a jury trial under Rule 81(c)(3)(B)(ii). *See* Opp'n at 2 ("If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after: . . . it is served with a notice of removal filed by another party. Plaintiff's counsel believes the minute order 'is incorrect.'"). Defendant also does not cite Rule 81(c)(3)(A), the applicable rule. *See generally* Opp'n. Defendant further argues plaintiff did not object to the July 13, 2021 minute order, and that it will be prejudiced because it has been "preparing for a bench trial for the past three years." *Id.* at 3.

The court first finds plaintiff properly demanded a jury trial in accordance with Rule 81(c)(3)(A). Having reviewed a rough transcript from the July 8, 2021 hearing,[1] the court finds plaintiff did not agree to a bench trial, but instead affirmed she was "standing on jury demand   . . . ." While plaintiff should have filed a timely objection in order to cure the July 13, 2021 minute order, the court cannot conclude on this record that plaintiff intended to or did waive her right to a jury trial. The Ninth Circuit disapproves of "inadvertent" waivers of jury trial. *See Massok v. Keller Indus., Inc.*, 147 F. App'x 651, 661 (9th Cir. 2005) (finding counsel

---

[1] Any party, if it wishes, may order a certified copy of the transcript to confirm the court's reading.

2

did not waive party's right to a jury trial by, "apparently inadvertently," informing the district judge at a pre-trial conference that no jury demand had been made when such a demand was made in state court prior to removal and there was no intentional withdrawal of that demand). While defendant may have been "preparing for a bench trial" since the minute order issued in July 2021, there is no indication before then that plaintiff might have waived her right to a bench trial. Defendant will not be prejudiced by any preparations it may have made for a bench, rather than a jury, trial. Accordingly, the court grants plaintiff's motion.

## II.   CONCLUSION

For the reasons above, the court **grants plaintiff's motion for a jury trial**.

This order resolves ECF No. 51.

The parties are reminded to submit a joint statement of the case, which the court previously ordered the parties to produce by Friday, April 8, 2022. *See* ECF No. 49. If the parties do not now provide a joint statement of the case by Friday, April 29, 2022, they are cautioned they may be facing an order to show cause.

IT IS SO ORDERED.

DATED: April 25, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE