UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronniesa Tolefree, | No. 2:19-CV-00693-KJM-AC |
| Plaintiff, | FINAL PRETRIAL ORDER |
| v. | |
| Swift Transportation Co. Inc., Inc., et al., | |
| Defendants. | |

On March 25, 2022, the court conducted a final pretrial conference. Kousha Berokim appeared for plaintiff Ronniesa Tolefree. Bahareh Habibi appeared for defendant Swift Transportation Co., Inc. After hearing, and good cause appearing, the court makes the following findings and orders:

**JURISDICTION AND VENUE**

This court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). The Sacramento courthouse and this district are an appropriate venue pursuant to 28 U.S.C. § 1441(a). The parties do not contest this court's jurisdiction or venue.

**JURY / NON-JURY**

The court will empanel nine jurors.[1]

---

[1] The parties did not propose a number of jurors.

**JOINT STATEMENT OF THE CASE**

Plaintiff Ronniesa Tolefree began working as a truck driver for defendant Swift Transportation Company, Inc. in March of 2018. In early May 2018, plaintiff presented defendant with a note from her physician notifying defendant of her pregnancy. Plaintiff continued in her duties, without restrictions or accommodations, for approximately three weeks. Plaintiff then presented a second note to defendant with mandatory accommodations provided by her physician restricting her from lifting or pulling more than 20 pounds. Defendant told plaintiff that her job duties as a driver required lifting or pulling more than 20 pounds and declined to accommodate her request. Defendant provided plaintiff with a listing of open positions that plaintiff could apply. Plaintiff applied for a position on June 1, 2018 and resigned her position with defendant on June 19, 2018.

Plaintiff filed a lawsuit against her employer for discrimination on the basis of her pregnancy. Defendants deny the allegations.[2]

**UNDISPUTED FACTS**

The parties agree that the following facts are undisputed:

1. Plaintiff Ronniesa Tolefree worked as a truck driver for Swift Transportation for approximately two months beginning in March of 2018.
2. On or about May 4, 2018, Plaintiff presented Swift with a note from her physician notifying Swift of her pregnancy. Plaintiff continued in her duties, without restrictions, for nearly three weeks.
3. On or about May 21, 2018, Plaintiff presented a second note to Swift with mandatory restrictions provided by her physician restricting Plaintiff from lifting or pulling more than 20 pounds.
4. Per the court's order, Defendants' Motion for Summary Judgment was granted as to the request for Punitive Damages

---

[2] The parties did not submit a joint statement of the case. If the parties do not submit a statement on the first day of trial, the court will use the language as currently drafted.

**DISPUTED FACTUAL ISSUES**

The following factual issues are disputed: Whether plaintiff's job required her to push/pull 20 pounds.

**RELIEF SOUGHT**

Plaintiff seeks economic damages, emotional distress, attorneys' fees, and all other applicable damages according to proof at trial.

Defendant seeks judgment in its favor and disputes plaintiff is entitled to any damages.

**POINTS OF LAW**

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing their points of law more completely shall be filed with the court no later than seven days prior to the date of trial in accordance with Local Rule 285.

**EVIDENTIARY ISSUES**

The parties agree and the court approves that:

1. Depositions may be offered only as impeachment and not offered as substantive evidence;
2. Pleadings and discovery responses may be offered only as impeachment and no offered as substantive evidence; and
3. No non-impeachment videotapes may be shown to the jury.

**WITNESSES**

Witnesses are listed in Exhibit A. Each party may call any witnesses designated by the other.

A. The court will not permit any other witness to testify unless:
   (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or
   (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

    (2) The court and opposing parties were promptly notified upon discovery of the witness;

    (3) If time permitted, the party proffered the witness for deposition; and

    (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**EXHIBITS, SCHEDULES AND SUMMARIES**

Exhibits are listed in Exhibit B. **The parties are ordered to provide any amended or supplemental exhibit lists by June 10, 2022.**

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **twenty-eight days before trial**. Any objections to exhibits are due no later than **fourteen days before trial**.

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

/////

     B.     Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

          1.     The exhibits could not reasonably have been discovered earlier;

          2.     The court and the opposing parties were promptly informed of their existence;

          3.     The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**DEPOSITION TRANSCRIPTS**

Depositions may be used only for impeachment and not offered as substantive evidence.

**STIPULATIONS**

There are no stipulations presently or anticipated.

**AMENDMENTS AND DISMISSALS**

The parties do not anticipate requesting any additional amendments to pleadings, dismissals, or additions or substitutions of parties.

**MOTIONS IN LIMINE**

The parties have stipulated to the following motions in limine:

1. To exclude non-testifying and non-party witnesses from the courtroom.
2. To exclude references to profits or financial position, structure, and availability of insurance.
3. To require 48 hours' notice for all witnesses.
4. To require 48 hours' notice for all demonstrative evidence.
5. To exclude references or testimony of settlement communications.
6. To exclude a mini-opening at voir dire.

7. To exclude Reptile Theory or Golden Rule arguments.

The court will hear arguments on pending motions in limine on June 21, 2022 at **9:00 a.m.** in Courtroom Three.

**SETTLEMENT**

The parties did not address their progress with settlement discussions, as requested in the court's July 13, 2021 bench order. The court makes no further orders regarding settlement at this time.

**ATTORNEYS' FEES**

Both parties plan to request for an award of attorneys' fees following trial.

**TRIAL DATE AND ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **June 21, 2022 at 9:00 a.m.** in Courtroom Three before the Honorable Kimberly J. Mueller. Trial is anticipated to last **seven days**. The parties are directed to Judge Mueller's trial schedule outlined on her web page on the court's website.

**PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

The parties shall file any proposed jury voir dire seven days before trial. Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party

shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

**OBJECTIONS TO THIS ORDER AND CONCLUSION**

Each party is granted **fourteen days** from the date of this order to file objections to the same. If no objections are filed, the order will become final without further order of this court.

DATED: May 6, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT A: WITNESSSES**

1. Ronniesa Tolefree
2. Danny Magoon
3. Brian Schweizer
4. Carl Taylor
5. Jennifer Cardoza
6. Brian Poole
7. Peter Rose
8. Clinton Kelly, Ph.D.
9. Thomas Melchione
10. Audra Tieneswang
11. Anthony Martinez
12. Alys Johnson
13. Desiree Wood

**EXHIBIT B: EXHIBITS**

1. Plaintiff's personnel records including her medical and workers' compensation records;

2. Plaintiff's time records;

3. Plaintiff's wage statements;

4. The report of Clinton Kelly, Ph.D. and his file;

5. The report of Desiree Wood

6. Tire chains and scale (offered as physical or demonstrative evidence)